**Tevfik SIVRI, Petitioner,**

v.

**Mark STRANGE, Respondent.**

**No. 3:98 CV 2075(SRU).**

United States District Court,
D. Connecticut.

Sept. 29, 2004.

Richard A. Reeve, Sheehan & Reeve, New Haven, CT, for Petitioner.

Jo Anne Sulik, Chief State Attorney Office, Civil Litigation Bureau, Rocky Hill, CT, for Respondent.

### RULING AND ORDER

UNDERHILL, Senior District Judge.

The petitioner, Tevfik Sivri, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Sivri argues that his incarceration, following his 1995 conviction on a re-tried state murder charge, violates his constitutional rights because the evidence presented at his initial 1992 trial was insufficient to support a murder conviction.

Though the peculiar history of Sivri's case makes his claims difficult to isolate, ultimately he is making two claims: (1) his first conviction violated the Due Process Clause because there was insufficient evidence to convict him; and (2) his second trial violated the Double Jeopardy Clause because he was entitled to an acquittal at his first trial. The first claim is moot because Sivri's conviction at his first trial was already overturned. The second claim is foreclosed by the Supreme Court's decision in *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). Accordingly, Sivri's petition is denied.

### I. Background

This case presents a unique procedural history. In March 1992, a Connecticut Superior Court jury found Sivri guilty of the murder of Carla Almeida. The Connecticut murder statute, Connecticut General Statutes section 53a–54a, provides that a person is guilty of murder if he kills another person "with intent to cause the death" of that person. At the time of Sivri's first trial, neither the murder weapon nor the body of the victim had been found. The jury could only base its conviction of murder on circumstantial evidence indicating intent to cause death. The state offered evidence that the murder occurred in Sivri's house, that it was a forceful murder causing a large wound, and that Sivri "took extraordinary measures to avoid apprehension" and detection. *State v. Sivri*, 231 Conn. 115, 130, 646 A.2d 169 (1994) ("*Sivri I*"). Sivri appealed the conviction on the grounds that the trial court should have given instructions on lesser included offenses and

that the circumstantial evidence before the jury was not sufficient to establish intent to cause death beyond a reasonable doubt.

A three-two majority of the Connecticut Supreme Court disagreed and, in an August 1994 decision, held that the totality of the circumstantial evidence presented permitted the jury to find murderous intent beyond a reasonable doubt. *Sivri I,* 231 Conn. at 126–37, 646 A.2d 169. Two justices vigorously dissented on the ground that the evidence was too speculative "to support a series of inferences from which [the intent required for murder in the first degree] can be found to have been proven beyond a reasonable doubt." *Id.* at 165, 646 A.2d 169.

Although the Court rejected Sivri's sufficiency argument, it nevertheless reversed the judgment and ordered a new trial because the trial court had failed to instruct the jury on lesser included offenses. *Id.* at 137–40, 646 A.2d 169.

On July 28, 1992 (after the first trial and before the first appeal was decided), the Monroe police department recovered the victim's body. A hole over the victim's eye socket indicated she had been shot in the front of the head, causing a fatal wound from which she would have died quickly. In Sivri's retrial, the prosecution introduced this new evidence, in addition to the evidence admitted at the first trial. Relying on ample evidentiary support,[1] the jury in the second trial once again found Sivri guilty of murder, and the court imposed a sentence of sixty years' imprisonment.

Sivri appealed the verdict to the Connecticut Appellate Court, asserting among other things that the evidence presented at the second trial was insufficient to prove intent to cause death. The Appellate Court summarily disposed of the sufficiency claim on the basis of the Supreme Court's decision in *Sivri I:*

> The defendant's [claim] that the evidence was insufficient to prove beyond a reasonable doubt that he possessed the specific intent to cause the death of the victim ... was considered by the Supreme Court in *Sivri I.* On less evidence than was presented in the case now before us, the Supreme Court held that "[a]lthough the evidence certainly did not mandate an inference of an intent to kill, we conclude that [all of the permissible inferences] taken together ... [reasonably support] the inference of an intent to kill that the jury drew." Two justices dissented from that holding, and the defendant asks us to adopt the dissenting view. This would require us to overrule the majority, which we are powerless to do. This court will not reexamine or reevaluate Supreme Court precedent. Because we are bound by the majority decision in *Sivri I,* independent analysis by this court on the intent issue would be a futile endeavor.[2]

*Connecticut v. Sivri,* 46 Conn.App. 578, 586, 700 A.2d 96 (1997) (internal citations omitted) (*"Sivri II"*). The Appellate Court went on to unanimously reject the remainder of Sivri's arguments. Sivri then petitioned the Connecticut Supreme Court, which denied certification to appeal. Sivri initiated this habeas proceeding in October 1998.

---

1. Sivri does not contest that the evidence at his second trial was sufficient.

2. Judge Downey took exception to the majority's reliance on the *Sivri I* decision. In his concurrence, Judge Downey commented, "*Sivri I* does not preclude this court from reviewing the defendant's claim of insufficien-cy of evidence. Because I believe, however, there was sufficient evidence admitted in the defendant's second trial to support the jury's verdict, I agree with and join the majority opinion." 46 Conn.App. at 595–96, 700 A.2d 96.

## II. Discussion

### A. *Claims At Issue*

The unusual procedural history of this case, coupled with the subtlety of the United States Supreme Court's Double Jeopardy jurisprudence, has left both parties understandably confused about how to characterize Sivri's claims. Initially Sivri argued that his second trial was unconstitutional because it placed him in double jeopardy. In his amended petition, Sivri concedes this argument is foreclosed by the Supreme Court's decision in *Richardson* and, instead, raises a due process challenge to the sufficiency of the evidence. This claim would be entirely unremarkable but that Sivri is not challenging the sufficiency of the evidence at his second trial; he is challenging the sufficiency at his *first* trial. His argument is that, because he was granted a retrial on other grounds, he has never had the opportunity to challenge the sufficiency of the evidence at his first trial by federal habeas petition. The government responds that Sivri's sufficiency claim merely restates his double jeopardy claim because the only significance of a ruling that the evidence at the first trial was insufficient would be to bar the second trial. Sivri counters that he is not raising a double jeopardy claim, he only wishes to vindicate his due process right not to have been convicted at the first trial.

■ I, too, am unclear on exactly what claim Sivri intends to raise. In my view, however, there are only two possible claims he could be raising. First, Sivri could be arguing that he had a due process right to have his *conviction reversed* after his first trial. Second, he could be arguing that he had a due process right to *be acquitted* after his first trial. The second argument is not the same as the first. There is a significant difference between having a conviction reversed and being acquitted. Acquittal terminates jeopardy for double jeopardy purposes, reversal of a conviction does not. It is clear, however, that if Sivri is making the second argument, the government is correct that he is simply restating his double jeopardy claim—the second argument is only materially different than the first because of its double jeopardy implications.

Unable to tell which argument Sivri intends, I will address both.

### B. *Due Process*

■ It is beyond question that the Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). This prohibition confers on a defendant the federal right to habeas corpus relief if it is found that, upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ At his initial trial, Sivri, like every defendant, had a right not to be convicted if the evidence was insufficient to permit a jury to find him guilty beyond a reasonable doubt. Yet, regardless of how meritorious Sivri's claim regarding the sufficiency of the evidence at his first trial may be, that claim is moot for the simple reason that Sivri's conviction at his first trial has already been overturned. The Connecticut Supreme Court overturned Sivri's conviction because the trial court did not instruct the jury on lesser included offenses. Sivri is now incarcerated solely because of the conviction resulting from his second trial. Accordingly, merely holding that insufficient evidence was presented at Sivri's first trial would not help

him, because that conviction has already been reversed.

## C. Second Trial: Double Jeopardy

██ A more significant argument is that the Due Process Clause gives Sivri not only the right to have his first conviction overturned, but gives him the right to have the conviction overturned *on sufficiency of the evidence grounds.* A reversal on sufficiency grounds is different than any other type of reversal because it is equivalent to an acquittal and therefore terminates jeopardy and bars retrial. *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (appellate ruling that evidence was insufficient bars second trial). Thus, the argument goes, *Jackson* and *Burks* read together stand for the proposition that the Due Process Clause not only *prohibits conviction* on insufficient evidence, but *requires acquittal.*

This argument, though compelling, is not new; it is the argument that was made by Justice Stevens in his concurrence in *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 328, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984) (Stevens, J. concurring). Justice Stevens argued that when the prosecution presents insufficient evidence at trial the defendant, "[a]s a matter of federal constitutional law, ... ha[s] a right to a judgment of acquittal." *Id.* This right, said Justice Stevens, can be vindicated in federal court even after a subsequent retrial and conviction because, "the second judgment could not survive the preclusive effect of the acquittal even though it was belatedly entered." *Id.* at 331, 104 S.Ct. 1805. In essence Justice Stevens was arguing—and Sivri now argues—that jeopardy terminates as soon as the prosecution

rests after presenting constitutionally insufficient evidence. Such a "Due Process termination" may not be recognized until as late as a habeas petition after a second trial, but, once it is recognized, it precludes a second trial. If the second trial has already occurred and resulted in a conviction, that conviction is void.[3]

Though in my view Justice Steven's analysis is both logical and fair, it is not the law. The Supreme Court has unequivocally held that the mere fact that a reviewing court could, or even should, have found the evidence presented at trial insufficient does not terminate jeopardy.

██ In *Lydon* the Supreme Court dealt with a two-tier system that allowed defendants to be tried first to a judge and then, if convicted, to be tried *de novo* to a jury. If a defendant was acquitted by the judge, he was considered acquitted of the crime. The defendant in *Lydon* had been convicted by the judge, but, at his second trial, he argued that the evidence at his first trial was insufficient, and therefore the second trial should be barred. The Supreme Court disagreed, holding that after the initiation of the first trial no event had terminated the defendant's jeopardy and so his retrial was constitutionally permitted. *Id.* at 309, 104 S.Ct. 1805.

In *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), the Supreme Court faced a case even more similar to Sivri's. In *Richardson* the criminal case was fully tried, but the jury hung. The judge declared a mistrial and scheduled a second trial. Before the start of his second trial, the defendant brought a habeas petition, arguing that he could not be retried because the evidence

---

**3.** In their briefs, both sides spend a bit of time addressing the question whether Sivri was required to raise his claim in a habeas petition filed *before* his second trial. Were Justice Stevens' view the law, this question would need to be addressed; as it is not, there is no need.

presented at his first trial was legally insufficient. The Supreme Court disagreed and held that, because he had not actually been acquitted by the jury and had not been granted an insufficiency determination by the judge, the defendant's jeopardy did not terminate when the judge declared a mistrial. *Id.* at 325–26, 104 S.Ct. 3081. The Court concluded that, because the defendant's jeopardy continued, "[r]egardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial." *Id.* at 326, 104 S.Ct. 3081.

In short, the Supreme Court has held quite clearly that jeopardy does not terminate solely because the prosecution presents insufficient evidence at trial. In order to bar a retrial, insufficient evidence must, according to the Court, result in an actual acquittal by jury or a judgment of acquittal on insufficiency ground by the trial or appellate court. *Cf. United States v. Ustica,* 847 F.2d 42, 49–50 (2d Cir.1988) (holding double jeopardy did not bar retrial of two defendants when trial court declared a mistrial, even though appellate court found evidence insufficient as to a third defendant); *Vanderbilt v. Collins,* 994 F.2d 189, 195–96 (5th Cir.1993) (reversal for trial error does not terminate jeopardy, even if evidence may also have been insufficient).

I agree with Sivri that the application of this precedent to someone in his situation is unfair.[4] Had he challenged only the sufficiency of the evidence on his initial appeal, then he would undeniably be permitted to raise that claim by habeas petition, and, if successful, would be entitled to a judgment of acquittal. It seems unfair that, because Sivri *also* raised on appeal a successful claim of trial error, the government was thereby permitted a second opportunity to present sufficient evidence to convict him.[5] Neither error by the trial court nor a petitioner's success in raising such error should save the government from a judgment of acquittal when it has presented legally insufficient evidence of a defendant's guilt.

Almost this exact unfairness was pointed out by Justice Brennan in *Lydon* when he noted that, under the Court's ruling in that case, "the defendant in *Burks* was simply fortunate that the reviewing court chose to provide him with a judicial determination that the evidence was insufficient to support a conviction, and did not instead rely on an alternative ground of reversal." *Lydon,* 466 U.S. at 319, 104 S.Ct. 1805 (Brennan, J. concurring) (internal citations and quotation marks omitted). In *Richardson,* Justice Brennan also was struck by the unfairness that "a defendant who is constitutionally entitled to an acquittal but who

---

4. It is worth noting that the unfairness in Sivri's particular case is somewhat mitigated. Even if he had a valid double jeopardy claim, he would most likely be barred from raising it in his habeas petition. He presented no double jeopardy claim on appeal, and so has failed to exhaust. Sivri, however, contends that he is not making a double jeopardy claim, but rather a due process claim. As noted before, his "due process" claim is either moot or really a double jeopardy claim. If the latter, then the claim does not appear to have been exhausted. But, rather than denying the claim on that ground, I choose instead to deny it on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of

habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

5. The unfairness is highlighted in this case because the trial error, failure to charge the jury on lesser included offenses, likely increased the chance that the jury would convict on insufficient evidence—the jury was forced to choose between returning a murder conviction on thin evidence or acquitting a defendant who obviously committed some serious crime.

fails to receive one—because he happens to be tried before an irrational or lawless factfinder or because his jury cannot agree on a verdict—is worse off than a defendant tried before a factfinder who demands constitutionally sufficient evidence." *Richardson,* 468 U.S. at 327, 104 S.Ct. 3081 (Brennan, J. concurring in part and dissenting in part).

At least with respect to its procedural posture, Sivri's case highlights Justice Brennan's fairness concerns. This unfairness would, in my view, be entirely avoided if double jeopardy jurisprudence followed Justice Stevens' analysis in *Lydon,* i.e., if jeopardy terminated the moment the prosecution rested after presenting a constitutionally insufficient case. Our jurisprudence has not, however, taken such a path, and I am bound to follow the Supreme Court's precedents. Consequently, I conclude that neither the Due Process Clause nor the Double Jeopardy Clause, as interpreted by the Supreme Court, permit Sivri to challenge the sufficiency of the evidence at his first trial after being convicted at a second trial, and I conclude that trying him a second time was not contrary to, or an unreasonable application of, federal law as determined by the United States Supreme Court.

## III. Conclusion

For the foregoing reasons, petitioner's writ of habeas corpus (doc. # 11) is DENIED. Sivri is hereby granted a certificate of appealability with respect to the issues discussed in this decision.